**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Lane Hidde,<br><br>  Petitioner,<br><br>v.<br><br>Unknown Wrigley, et al.,<br><br>  Respondents. | No. CV-20-02099-PHX-JAT<br><br>**ORDER** |

The Court notes that Petitioner has been released from custody. (Doc. 25). Federal courts have jurisdiction to consider a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Fowler v. Sacramento Cnty. Sheriff's Dep't.*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Here, Petitioner was in custody at the time he filed his Petition; thus, this Court continues to have jurisdiction over this case.

The next issue then is whether Petitioner's Petition is rendered moot by his release from custody. The Court's record does not include Petitioner's sentencing, and the Court cannot determine whether Petitioner is on post-release supervision, parole or probation. (Doc. 9). Thus, the Court does not know if Petitioner continues to have a direct consequence of his conviction.

Regardless of Petitioner's current release status, the Court notes that typically habeas petitions do not become moot. In other words, if "the adverse consequences of a criminal conviction remain, a petition for a writ of habeas corpus is not moot, even though

the petitioner's custody has expired since filing." *Fowler*, 421 F.3d at 1033 n.5 (quoting *Spawr Optical Research, Inc.*, 864 F.2d at 1470); *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997) (holding there is an irrefutable presumption that collateral consequences flow from any criminal conviction); *see also Pryor v. Spearman*, 2020 WL 4793998 (E.D. Cal. August 18, 2020).

Nonetheless, "[o]nce a petitioner's sentence has expired, some 'collateral consequence' of the conviction must exist in order for the suit to be maintained and not considered moot." *Pryor*, 2020 WL 4793998 at *10. However, those collateral consequences may be no more than, "…an irrefutable presumption of 'collateral consequences' flowing from the challenged conviction that will continue to affect petitioner…." *Id.* at 11.

Based on the foregoing, the parties shall each be required to file a supplemental brief to ensure that there remains an on-going case or controversy in this matter. Therefore,

**IT IS ORDERED** that Petitioner shall file a supplemental brief on mootness by November 15, 2021. Respondents shall file a supplemental brief on mootness by November 22, 2021.

Dated this 29th day of October, 2021.

James A. Teilborg
Senior United States District Judge