**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Lane Hidde,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Unknown Wrigley, et al.,<br><br>　　　　　　Respondents. | No. CV-20-02099-PHX-JAT<br><br>**ORDER** |

On October 29, 2021, this Court ordered the parties to file supplemental briefs on mootness. Consistent with that order, Petitioner has filed his supplemental brief. Respondents supplemental brief is due November 22, 2022. In the order requiring supplemental briefing, this Court stated:

> The Court notes that Petitioner has been released from custody. (Doc. 25). Federal courts have jurisdiction to consider a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Fowler v. Sacramento Cnty. Sheriff's Dep't.*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Here, Petitioner was in custody at the time he filed his Petition; thus, this Court continues to have jurisdiction over this case.

(Doc. 27 at 1).

On November 15, 2021, the Ninth Circuit Court of Appeals issued an opinion discussing a district court's continuing jurisdiction over a habeas petition after the petitioner had been released from custody and stated:

> Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis

> added). …
> The "in custody" language appears twice in § 2254(a). The first reference to "in custody" requires that the habeas petition be filed "in behalf of a person in custody." *Bailey*, 599 F.3d at 978. Munoz meets this "in custody" requirement because he was "in custody at the time" the relevant petition was filed, serving his term of imprisonment. *See id*. at 979 (explaining that a "petitioner's subsequent release from custody does not itself deprive the federal habeas court of its statutory jurisdiction" (quotations omitted)).
> **But the fact that a petitioner is "in custody" at the time of filing is "insufficient to confer jurisdiction" because the petitioner must also meet the second "in custody" requirement.** *Id*. To satisfy the second requirement, Munoz must be challenging the "lawfulness of his custody." *Id*. at 980. The second "in custody" requirement, then, "precludes courts from reviewing a challenge to a non-custodial portion of a criminal sentence." *Id*. at 981 (citing *Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008)); *see also, e.g.*, *Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). The question, then, is whether Munoz—in challenging the lawfulness of his lifetime supervision—is challenging a *custodial* sentence.

*Munoz v. Smith*, Slip Op. 20-16327 at 8-9 (9th Cir. Nov. 15, 2021) (bolded emphasis added; italics emphasis in original) (holding the district court did not have jurisdiction over the petition).

Based on the foregoing, the Court directs Respondents to address the second "in custody" requirement when they file their supplemental brief on mootness. The Court will permit Petitioner to file a reply to address the second "in custody" requirement as stated below.

Thus,

**IT IS ORDERED** that Respondents' supplemental brief on mootness must also address jurisdiction. To allow Respondents time to address both issues, their deadline to file the supplemental brief is extended to December 1, 2021.

**IT IS FURTHER ORDERED** that Petitioner may file a reply to Respondents' supplemental brief within 14 days of when Respondents' brief is filed.

Dated this 16th day of November, 2021.

James A. Teilborg
Senior United States District Judge