**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Lane Hidde, | No. CV-20-02099-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Wrigley, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. After referral, Magistrate Judge Morrissey issued a Report and Recommendation ("R&R") (Doc. 20) recommending that the Petition in this case be denied. Petitioner filed objections to the R&R (Doc. 22), and Respondent filed a response to the objections (Doc. 24).

While this case was pending, Petitioner was released from custody. For this Court to have jurisdiction over a habeas petition and for the petition to not be moot, Petitioner must be "in custody". (*See* Docs. 27 and 29). Thus, the Court required supplemental briefing on these issues. (*Id.*). Respondents concede that the Petition is not moot and that the Court has jurisdiction over this case. (Doc. 31). Accordingly, the Court will consider the recommendations in the R&R.

**I.    Governing Law**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de

novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

Thus, the Court will review the portions of the R&R to which there is an objection de novo.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner was incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that

contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101, (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (Report and Recommendation accepted 2018 WL 6695951, at *1 (D. Ariz. Dec. 20, 2018)).

An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 419–20 (citation omitted).

**II.  Factual and Procedural Background**

The R&R recounts the factual and procedural background of this case at 2–4. (Doc. 20). Petitioner objected to the legal consequences of this background; specifically, whether his filings with the state courts were sufficient to exhaust the claims he now raises in his Petition. The Court will address those legal objections below. Neither party, however, objected to the factual accuracy of this background and the Court hereby accepts and adopts it.

In short summary, Petitioner was convicted by a jury of two counts of aggravated assault and sentenced by a judge to two concurrent terms of 7.5 years. (Doc. 20 at 3). This sentence resulted from Petitioner shooting an AR-15 rifle multiple times at a vehicle containing 3 teenagers, wounding one of them. (Doc. 20 at 2).

### III. Claims in the Petition

Petitioner raises three claims in his Petition: 1) mishandling of evidence; 2) ineffective assistance of appellate counsel; and 3) ineffective assistance of trial counsel.

### A. Claim of Mishandling of Evidence

The R&R recommends that this Court find that Petitioner failed to exhaust this claim before the state courts, that this claim is now procedurally defaulted, and that Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to overcome his failure to exhaust this claim. Petitioner objects to this recommendation arguing that by arguing ineffective assistance of counsel to the state court on post-conviction relief for his counsel's failure to exhaust this claim at trial and/or on appeal, Petitioner de facto exhausted this claim as part of his ineffective assistance of counsel claim. Petition also argues this Court's failure to consider the merits of this claim would be a fundamental miscarriage of justice.

In sum, Petitioner's claim is that the police failed to conduct a forensic analysis of the pellet gun found in the victims' vehicle and it is possible that such analysis would have shown that the victim who was shot had handled the pellet gun, which Petitioner argues would have helped Petitioner's self-defense claim in which Petitioner argued that the wounded victim brandished the pellet gun at him. (Doc. 20 at 7–8).

At trial, Petitioner sought a *Willets* instruction. (Doc. 20 at 8). This Court agrees with the R&R (and the cases cited therein) that the state court's denial of a *Willets* instruction is a state law claim that is not cognizable on habeas. (Doc. 20 at 8). Petitioner objects to this conclusion by arguing that the fact that he is in custody (which was true when he filed his objections, but not today) makes all his claims cognizable. (Doc. 22 at 4). This objection is legally incorrect and is overruled.

Additionally, this Court agrees with the R&R that Petitioner did not present this claim to the state courts as a federal due process claim. (Doc. 20 at 8-9). Petitioner objects and argue that he presented this claim to the state courts as an ineffective assistance of

- 4 -

counsel claim. (Doc. 22 at 4–5, 7). But as the R&R discussed at length, presenting an ineffective assistance of counsel claim does not exhaust the underlying claim itself which must be separately and specifically presented to the state court because it is a distinct claim with separate elements of proof. (Doc. 20 at 8-10). Thus, this claim is unexhausted and procedurally defaulted.

Petitioner also objects and argues that it would be a "fundamental miscarriage of justice" for this Court to not review this claim on a procedural technicality. (Doc. 22 at 5-6). Petitioner further states that justice requires that his failure to exhaust this claim be excused. (*Id*.) However, in the habeas context "fundamental miscarriage of justice" has a unique meaning. *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). A fundamental miscarriage of justice occurs only when a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id*.

Here, Petitioner does not argue he is actually innocent beyond arguing that the jury should have acquitted him based on his self-defense arguments. Thus, Petitioner fails to meet the fundamental miscarriage of justice test that would excuse his procedural default of this claim.

As a result of the foregoing, the Court finds that this claim, which is presented to this Court as a due process claim, is defaulted without excuse. Accordingly, relief is denied.

### B.     Ineffective Assistance of Appellate Counsel

In his post-conviction relief petition in state court, Petitioner exhausted an ineffective assistance of appellate counsel claim regarding three theories of prosecutorial misconduct that Petitioner claims appellate counsel should have raised on appeal. The three theories of prosecutorial misconduct involve: 1) testimony regarding the ammunition; 2) testimony regarding alcohol and pain killers; and 3) testimony regarding another altercation involving Petitioner.[1]

---

[1] In his Petition, Petitioner also raises a *Brady* claim. However, in his objections, Petitioner

1    The Arizona Court of Appeals denied relief on the claim of ineffective assistance of appellate counsel based on these three factual predicates. The R&R recommends that this Court find that the Arizona Court of Appeals decision was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. (Doc. 20 at 11). Petitioner objects to this recommendation.

The R&R discusses the law governing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 685 (1984) at pages 11–12. (Doc. 20). Neither party objected to this summary of the governing, clearly established law and the Court hereby accepts and adopts it.

### 1.  Testimony Regarding Ammunition

Petitioner argues that the prosecutor elicited "false or misleading" testimony that the ammunition in this case was "military grade". (Doc. 20 at 12). In his petition for post-conviction relief before the state courts, Petitioner argued that his direct appeal counsel was ineffective for failing to raise this claim on direct appeal. (Doc. 20 at 10). The Arizona Court of Appeals (reviewing the state trial court's denial of Petitioner's post-conviction relief petition) rejected this claim because there was no evidence in the record that the witness's testimony was false. (*Id.*). Thus, the Arizona Court of Appeals concluded that direct appeal counsel was not ineffective for not raising a meritless claim. (*Id.*)

In his objections, Petitioner seeks an evidentiary hearing to offer new evidence and have this Court make a de novo determination of whether the ammunition was or was not military grade. (Doc. 22 at 10). However, as the R&R notes, under *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." (Doc. 20 at 12, n. 11 quoting *Pinholster*). Thus, the Court will not conduct an evidentiary hearing to make a de

---

concedes that a *Brady* claim is without merit. (Doc. 22 at 15). To the extent the Court could interpret the objections as Petitioner attempting to re-cast this claim as a confrontation clause based claim, this Court rejects this claim for the reasons stated in the response to the objections. (*See* Doc. 24 at 4-5).

- 6 -

novo determination of the facts of a claim that was adjudicated on the merits in state court.

As a result, Petitioner's objection on this claim is overruled. The Court agrees with the R&R and finds that the Arizona Court of Appeals decision on Petitioner's post-conviction relief petition was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts; accordingly, relief on this claim of ineffective assistance of appellate counsel is denied. (*See* Doc. 20 at 11).

Alternatively, this Court accepts the conclusion of the R&R that had appellate counsel raised this claim on direct appeal before the state courts, Petitioner cannot show prejudice under *Strickland* because of the strength of the evidence against him. (Doc. 20 at 13-14). Thus, relief is denied for this alternative reason.

### 2. Testimony Regarding Alcohol and Pain Medication

Petitioner argues that his appellate counsel was ineffective because appellate counsel failed to argue that the trial court should have excluded evidence of Petitioner's use of alcohol and pain medication at the time of this incident. (Doc. 20 at 14). As the R&R recounts, appellate counsel in fact made this argument on direct appeal. (*Id.*). None of Petitioner's objections refute this fact. (*See generally* Doc. 22). Thus, this Court accepts the R&R's conclusion that this claim is meritless because it is factually refuted by the state court record.

### 3. Testimony Regarding Petitioner's Other Acts

Petitioner argues that his direct appeal counsel was ineffective for failing to argue that the prosecutor "improperly" questioned Petitioner's character witness about a prior incident involving Petitioner that had been documented in a police report. (Doc. 20 at 14). In reviewing the trial court's denial of Petitioner's petition for post-conviction relief, the Arizona Court of Appeals held that this testimony was admissible under Arizona Rule of Evidence 405(a). (Doc. 9-1 at 222, ¶ 9).

The Arizona Court of Appeals decision was not contrary to or an unreasonable

1 application of clearly established federal law nor was it an unreasonable determination of
2 the facts. Specifically, "A witness who has endorsed the character of the defendant may
3 be cross-examined about whether he's heard about prior bad acts of the defendant." *United*
4 *States v. Bush*, 58 F.3d 482, 488–89 (9th Cir. 1995) (citing *Michelson v. United States*, 335
5 U.S. 469, 479 (1948)). Petitioner's generalized objection in which he concludes without
6 argument that the Arizona Court of Appeals decision is incorrect is overruled. (*See* Doc.
7 22 at 14). Thus, relief on this claim is denied.

### C. Ineffective Assistance of Trial Counsel

Petitioner has three theories of ineffective assistance of trial counsel all related to the jury instructions in his trial. These claims are: 1) Petitioner's lack of presence when the jury instructions were decided by the trial court; 2) trial counsel's decision to decline a limiting instruction about certain testimony; and 3) trial counsel's failure to advocate for a particular self-defense instruction over another. The R&R recommends that this Court find that theories one and three of ineffective assistance of trial counsel are unexhausted and procedurally defaulted without excuse, and that this Court deny relief on that basis. The R&R further recommends that this Court find that theory two was exhausted and that the Arizona Court of Appeals decision on this theory was not contrary to or an unreasonable application of clearly established federal law, nor was the decision based on an unreasonable determination of the facts. Petitioner objects to both of these recommendations.

As indicated above, the Court has accepted the R&R's summary of the law governing ineffective assistance of counsel. (Doc. 20 at 11–12).

Turning first to Petitioner's objection to his counsel's failure to seek a limiting instruction, Petitioner argues that a limiting instruction was ineffectively waived. (Doc. 22 at 12). However, this Court agrees with the R&R that the Arizona Court of Appeals decision that counsel's tactic was a reasonable strategic decision was not contrary to or an unreasonable application of clearly established federal law. (Doc. 20 at 17). Further, this

Court agrees that reasonable strategic decisions are not ineffective assistance. Thus, relief on this claim is denied and Petitioner's objection that counsel should have made a different decision is overruled.

Regarding Petitioner's first theory of ineffective assistance of trial counsel, the R&R concludes that Petitioner's claim that he should have been present for the settling of jury instructions is unexhausted, procedurally defaulted, and that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to overcome this default. (Doc. 20 at 17). Petitioner objects and argues that he has a right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). While a right to self-representation exists, it is not implicated in this case. Petitioner was represented by counsel and never objected to being represented by counsel. Thus, Petitioner's objection that he had a right to be present during the settling of jury instructions pursuant to *Faretta* is overruled. *See* 28 U.S.C. § 2254(b)(2) (court can deny a claim on the merits even though Petitioner failed to exhaust the claim in state court); *see also* (Doc. 24 at 5).

Moreover, "[t]here is no constitutional right to be present at a conference on jury instructions… [a] defendant does not have a federal constitutional…right to attend a conference between the trial court and counsel concerned with the purely legal matter of determining what jury instructions the trial court will issue." *Keenan v. Woodford*, 66 F. App'x 101, 102 (9th Cir. 2003) (internal citations and quotations omitted). While this case of the Ninth Circuit is unpublished, it nonetheless summarizes the clearly established law on this point. Thus, notwithstanding the fact that this claim is unexhausted, the Court alternatively denies it on the merits. *See* 28 U.S.C. § 2254(b)(2).

Finally, with respect to Petitioner's claim that trial counsel was ineffective for allowing the trial court to select the wrong self-defense instruction, the R&R recommends that this Court find that this claim is unexhausted, procedurally defaulted, and that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to overcome this default. (Doc. 20 at 18). Petitioner objects and argues that one self-defense

instruction is far easier for a defendant to prove than the other. (Doc. 22 at 17-19). Specifically, A.R.S. § 13–404 is Justification; self-defense; while A.R.S. § 13–405 is Justification; use of deadly physical force. (Doc. 22 at 18). Petitioner wanted the instruction under A.R.S. § 13–404, but received the instruction under A.R.S. § 13–405. (*Id.*).

First, Petitioner makes no objection or argument that this claim is not exhausted, without excuse. Thus, this Court cannot reach the merits of this argument and relief is denied on that basis. Second, which instruction would be appropriate is a matter of state law and is not a claim that is cognizable on habeas; thus, relief is denied on this alternative basis. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quotation marks and citations omitted). Third, the facts underlying this case are that Petitioner shot at the victims with an AR-15 rifle, wounding one of them. (Doc. 20 at 13). Thus, even if this Court considered the merits of this state law issue, this Court would deny relief because the state trial court did not err in using the instruction specific to *deadly* force on these facts. *See* 28 U.S.C. § 2254(b)(2).

Because all unexhausted claims of ineffective assistance of trial counsel fail on their merits, the Court finds they are not substantial under *Martinez v. Ryan*, 566 U.S. 1 (2012). The Court, therefore, does not find cause and prejudice to overcome the procedural default of these ineffective assistance of trial counsel claims under *Martinez*.

**IV.  Certificate of Appealability**

In his objections, Petitioner asks that he "at the very least" be granted a certificate of appealability to proceed to the Ninth Circuit Court of Appeals. (Doc. 22 at 5-6). The Court interprets this as an objection to the R&R's recommendation that a certificate of appealability be denied. (Doc. 20 at 18-19). "When the district court denies a habeas petition on procedural grounds without reaching the [Petitioner's] underlying constitutional claim, a COA should issue when the [Petitioner] shows, at least, that jurists

- 10 -

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Here, Petitioner has failed to show that jurists of reason would find this Court's assessment of the claims in this case debatable. As a result, Petitioner's objection is overruled and a certificate of appealability is denied.

## V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Strike (Doc. 30) is denied; the Court has reviewed the relevant portions of Petitioner's filings.

**IT IS FURTHER ORDERED** that the Report and Recommendation is accepted (Doc. 20); the Objections are overruled (Doc. 22); the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's motions for summary judgment and additional pleadings (Docs. 13 and 14) are denied as moot.

**IT IS FURTHER ORDERED** that David Shinn, Director of the Arizona Department of Corrections, is substituted as a party in place of Defendant Unknown Wrigley.

**IT IS FINALLY ORDERED** that a certificate of appealability is denied.

Dated this 8th day of March, 2022.

James A. Teilborg
Senior United States District Judge